CLERKS OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED
October 14, 2025
LAURA A. AUSTIN, CLERK
BY: s/ FELICIA CLARK
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | | |
|---|---|---|
| **GARY ARMSTEAD, SR., ET AL.,** | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 1:25CV00043 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **A.D. EQUIPMENT, INC., ET AL.,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendants. | ) | |

*Charles H. Smith, III*, GENTRY LOCKE, Roanoke, Virginia, and *Charlie D. Morrison*, GENTRY LOCKE, Richmond, Virginia, for Plaintiffs; *Jason G. Moyers*, HARMAN, CLAYTOR, CORRIGAN & WELLMAN, Roanoke, Virginia, for Defendants.

The plaintiffs, Gary Armstead, Sr., and Michelle S. Armstead, individually and in their capacity as co-guardians and next friends of Gary Armstead, Jr., sustained injuries after colliding with a car owned and operated by the defendants. The defendants have moved to dismiss the claim for punitive damages and certain direct negligence claims.[1] Fed. R. Civ. P. 12(b)(6). For the reasons discussed below, the Motion to Dismiss, Dkt. No. 3, construed as a Motion to Strike, is granted.

---

[1] The plaintiffs also raise a direct negligence claim against defendant Kimball, as well as a vicarious liability claim against the employer defendants. Neither of these claims are subject to the Motion to Dismiss.

## I. Factual Background.

I must accept the following facts from the Complaint as true for the purpose of evaluating the Motion to Dismiss.

On March 15, 2023, plaintiff Michelle S. Armstead was operating a Jeep Patriot that was either slowing down or stopped for traffic while heading northbound on Interstate 81. Plaintiffs Gary Armstead, Sr. and Gary Armstead, Jr. were passengers in the car. At the same time and place, defendant George Emory Kimball was operating a Kenworth semi-truck, hauling an enclosed trailer. As defendant Kimball approached from the rear, he did not slow down and stop, and the semi-truck crashed into the rear of the plaintiffs' Jeep. The Jeep was then thrust forward into the rear of another motorist.

At the time of the crash, defendant Kimball was employed by, and acting as an agent of, defendant A.D. Equipment, Inc. and/or Defendant A.D. Transport Express, Inc. (Corporate Defendants) as a commercial motor vehicle driver. Defendant Kimball held a commercial driver's license at the time of the crash.

## II. Standard of Review.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible if the complaint contains "factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged," and if there is "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Although a complaint does not need to contain detailed factual allegations to survive a motion to dismiss, it must contain more than bare assertions and legal conclusions. *Twombly*, 550 U.S. at 555–56.

### III. DISCUSSION.

#### A. *Punitive Damages.*

In their response to the Motion to Dismiss, the plaintiffs concede that the Complaint does not allege facts that are sufficient or intended to support a claim for punitive damages. Accordingly, I will construe the relevant portion of the Motion to Dismiss as a Motion to Strike. The punitive damages claim is hereby stricken from the Complaint.[2]

---

[2] Notwithstanding the plaintiffs' concession, I likely would have dismissed the punitive damages claim. To establish punitive damages where misconduct or malice are not at issue, "a plaintiff must show that the defendant's conduct was of such recklessness or negligence as evinces a conscious disregard of the rights of others." *Puent v. Dickens*, 427 S.E.2d 340, 342 (Va. 1993) (internal quotation marks and citation omitted). In the present case, the plaintiffs offer no facts to support their allegations of recklessness. This manner of pleading is insufficient to state a plausible claim for punitive damages. *See Stanley v. Star Transp., Inc.*, No. 1:10CV00010, 2010 WL 2079731, at *1 (W.D. Va. May 22, 2010) (dismissing a claim for punitive damages when "no specific supporting facts [were] alleged, other than a formulaic recitation of the elements of the claims.") (internal quotation marks and citations omitted); *Est. of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1356 n.5 (11th Cir. 2020) (explaining that a request for punitive damages was not appropriate when the plaintiff merely alleged that the defendant's conduct was "intentional, deliberate, reckless, and in conscious disregard for the consequences of its actions" without

### B. *Direct Negligence.*

The Corporate Defendants also move to dismiss all direct negligence claims against them. In relevant part, the Complaint states:

> "Defendant A.D. Equipment, Inc and/or Defendant A.D. Transport Express, Inc. are also liable for any negligence associated with the failure to provide a safe tractor trailer at the time of the collision and/or negligence associated with the failure to ensure that Mr. Kimball was a safe, fit driver before dispatching the trip resulting in the collision.

Compl. ¶ 39, Dkt. No. 1. In their response brief, the plaintiffs state that paragraph 39 does not allege distinct causes of action, and they concede that there is currently no known evidence of direct negligence on the part of the Corporate Defendants. According to the plaintiffs, paragraph 39 merely asserts that the Corporate Defendants would be liable for the negligent acts specified within depending on the facts uncovered through discovery.

The plaintiffs' response is unpersuasive. Pleading standards require that, to survive a motion to dismiss, the facts asserted be sufficient to state a claim for relief that is plausible on its face. *Twombly*, 550 U.S. at 570. Moreover, any "insufficient"

---

specifying the actual conduct, finding that this lack of specificity runs afoul of *Iqbal* (internal quotation marks and citation omitted)). *But see In re Valsartan, Losartan, & Irbesartan Prods. Liab. Litig.*, No. 2875 (RBK-KMW), 2020 WL 8970347, at *11 (D.N.J. Mar. 12, 2020) (finding that pleading standards "[do] not demand a plausibility review of the pleaded allegations of a punitive damages remedy."); *Somera v. Indymac Fed. Bank, FSB*, No. 2:09-cv-01947-FCD-DAD, 2010 WL 761221, at *10 (E.D. Cal. Mar. 3, 2010) ("Under federal pleading standards, defendant's argument that plaintiff must plead specific facts to support allegations for punitive damages is without merit.").

or "immaterial" facts are to be stricken from the record. Fed. R. Civ. P. 12(f). In the present case, the plaintiffs have not alleged any facts to suggest that the Corporate Defendants failed to provide a safe tractor trailer, or that they failed to ensure that defendant Kimball was a safe driver. For these reasons, I will strike paragraph 39 from the Complaint.

## IV. CONCLUSION.

It is accordingly **ORDERED** that the defendants' Motion to Dismiss, Dkt. No. 3, construed as a Motion to Strike, is GRANTED.

ENTER: October 14, 2025

/s/ JAMES P. JONES
Senior United States District Judge